﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 191030-42634
DATE: January 31, 2020

ORDER

Special monthly compensation (SMC) based on aid and attendance is granted.

SMC based on housebound is dismissed.

FINDING OF FACT

1. Due to his service-connected disabilities, the Veteran is so helpless as to be in need of regular aid and attendance of another person.

2. The grant of entitlement to SMC based on aid and attendance renders moot the appellant’s housebound claim.

CONCLUSION OF LAW

1. The criteria for SMC based on the need for regular aid and attendance have been met. 38 U.S.C. §§ 1114, 1154, 5107 (2012); 38 C.F.R. §§ 3.102, 3.350, 3.351, 3.352 (2018).

2. The criteria for SMC based on housebound is moot. 38 U.S.C. §§ 1114, 1154 (2012); 38 C.F.R. §§ 3.350, 3.351, 3.352 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from September 1959 to September 1981 and from January 1991 to March 1991, including service in the Republic of Vietnam.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a September 2019 rating decision from the Department of Veterans Affairs (VA) regional office (RO).

SMC aid and attendance/housebound

The Veteran reports that he is entitled to SMC benefits due to his service-connected disabilities. See Statements in support of the claim (August and October 2019). 

Special monthly compensation is payable at a specified rate if the veteran, as the result of service-connected disability, is in need of regular aid and attendance. Need for aid and attendance means helplessness or is so nearly helpless as to require the regular aid and attendance of another person. A veteran will be considered to be in need of regular aid and attendance if he or she is blind or is so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to 5 degrees or less; if the veteran is a patient in a nursing home because of mental or physical incapacity; or if the evidence establishes a factual need for aid and attendance or “permanently bedridden” status under the criteria set forth in 38 C.F.R. § 3.352(a). See 38 U.S.C. § 1114(l); 38 C.F.R. § 3.351(b). 

The following will be accorded consideration in determining the need for regular aid and attendance: inability of claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid (this will not include the adjustment of appliances which normal persons would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); inability of claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his or her daily environment. “Bedridden” will be a proper basis for the determination. See 38 C.F.R. § 3.352(a). 

A veteran will be found to be bedridden if the condition actually requires that he remain in bed, but not if he voluntarily stays in bed or if a physician merely recommends bed rest. It is not required that all of the disabling conditions enumerated in this paragraph be found to exist before a favorable rating may be made. The particular personal functions that the veteran is unable to perform should be considered in connection with his or her condition as a whole. It is only necessary that the evidence establish that the veteran is so helpless as to need regular aid and attendance, not that there be a constant need. Determinations that the veteran is so helpless, as to be in need of regular aid and attendance will not be based solely upon an opinion that the claimant’s condition is such as would require him or her to be in bed. They must be based on the actual requirement of personal assistance from others. Id. Furthermore, the performance of the necessary aid and attendance service by a relative of the beneficiary or other member of his or her household will not prevent the granting of the additional allowance. See 38 C.F.R. § 3.352 (c).

The Veteran has been in receipt of a 100 percent rating since September 10, 2018. The Veteran is currently service connected for the following disabilities: (1) PTSD 70 percent disabling; (2) Hearing loss as 20 percent disabling; (3) diabetes type II with erectile dysfunction 20 percent disabling; (4) left and right upper diabetic neuropathy as 20 percent disabling each; (5) left and right lower extremity diabetic neuropathy (sciatic) as 20 percent disabling each; (6) left and right lower extremity diabetic neuropathy (femoral) as 20 percent disabling each; (7) tinnitus as 10 percent disabling. 

In August 2019, the Veteran submitted VA Form 21-2680 (Examination for Housebound Status or Permanent Need for Regular Aid and Attendance) that states that the Veteran only leaves home for medical appointments or to accompany his spouse on errands and only with assistance from his spouse, and he needs assistance with his activities of daily living. More specifically, the physician indicated that the Veteran is unable to prepare his meals and feed himself, needs assistance in bathing and tending to other hygiene needs in order to prevent falls and requires medication management. Additionally, he has decreased grip strength in his upper extremities and weakness and decreased sensation in his lower extremities due to his service-connected peripheral neuropathy.

Although a veteran need not show all of the disabling conditions identified in 38 C.F.R. § 3.352(a) to establish entitlement to aid and attendance, the Court has held that it is logical to infer there is a threshold requirement that “at least one of the enumerated factors be present.” See Turco v. Brown, 9 Vet. App. 222, 224 (1996). 

As the manifestations of the Veteran's service-connected disabilities meet the pertinent requirements, as demonstrated by the noted medical reports and consistent lay statements, SMC based on the aid and attendance of another person is warranted.

Accordingly, the criteria are satisfied to award special monthly compensation based on the need aid and attendance of another person. The appeal is granted. As this represents a complete grant of the benefit sought on appeal, no discussion of SMC based on being housebound (which is a lesser benefit) is necessary.

 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Alvarado- Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.